IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: RALPH LEO BRUTSCHE,

     DEBTOR,


RALPH LEO BRUTSCHE,

     APPELLANT,

v.                                             Civ. No. 1:13-cv-1106 KG/RHS

YVETTE CONZALES,
Chapter7 Trustee,

     APPELLEE.


<u>**MEMORANDUM OPINION AND ORDER**</u>

     THIS MATTER is before the Court on the Chapter 7 Trustee, Yvette Gonzales' Motion To Dismiss Appeal Of Debtor Ralph Leo Brutsche And Request For Bankruptcy Court To Transmit Partial Record In Support Of Motion Pursuant To FRBP 8007(c) ("Motion to Dismiss") filed November 25, 2013 (Doc. 3).  On January 27, 2013, Appellee filed a Notice of Completion of Briefing (Doc. 7).  The Court notes that Appellant failed to file and serve a response within fourteen calendar days after the filing of the Motion to Dismiss in accordance with D.N.M.LR-Civ. 7.4.  "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.4(b).  The Court having considered the Motion,[1] other pleadings filed in the

---

[1] The Court considers only the Appellee's request for dismissal of the appeal.  The remaining relief sought in the instant Motion is addressed to the Bankruptcy Court.

above-captioned cause and the relevant law, finds the Motion is well-taken and should be granted because the appeal is untimely.

The United States Bankruptcy Court for the District of New Mexico entered its Order Granting Trustee's Motions To Approve Compromise Of Controversy With LANB ("Order") on October 15, 2013 (Bankruptcy Case No. 11-13326-j7, Doc. 479).  On November 14, 2013, Appellant Ralph Leo Brutsche filed his Notice of Appeal (Bk. 11-13326-j7, Doc. 485). Appellant appealed the Bankruptcy Court's Order pursuant to 28 U.S.C. 158(a) or (b).  Id. Appellant also filed an Election To Have Appeal Heard By District Court ("Statement of Election") on November 14, 2013 (Bk. 11-13326-j7, Doc, 486).  Appellee filed the instant Motion seeking dismissal of Appellant's appeal and alleges that the appeal is untimely in light of the Federal Rules of Bankruptcy Procedure (Doc. 3).

Pursuant to Bankruptcy Rule 8001(a), appeals from judgments, orders or decrees of a bankruptcy judgment may be taken to a district court or bankruptcy appellate panel as permited by 28 §U.S.C. 158(a)(1) or (a)(2) within the time allowed by Bankruptcy Rule 8002.  Fed. R. Bankr. P. 8001(a).  Bankruptcy Rule 8002(a) provides that "the notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order or decree appealed from."  Fed. R. Bankr. P. 8002(a).  The Court has no jurisdiction to hear this matter without a timely notice of appeal.  In re Weston, 18 F.3d 860, 862 (10th Cir.  1994).  "The requirement for a timely filed notice of appeal is mandatory.  In its absence we must dismiss the appeal." Id. at 862 (citing In re Herwit, 970 F.2d 709, 710 (10th Cir. 1992) (appeal filed one day late dismissed for lack of jurisdiction).

The Order that Appellant appealed was entered by the Bankruptcy Court on October 15, 2013.  The deadline to appeal the Order was October 29, 2013.  Fed. R. Bankr. P. 8002(a).  It is

undisputed that Appellant filed his Notice of Appeal on November 14, 2013 (Doc. 1 at 3) which was about two weeks late.  Appellant did not seek extension of time for filing of the Notice of Appeal.  Fed. R. Bankr. P. 8002(c).  Appellant's Notice of Appeal was untimely and as such this Court lacks jurisdiction to hear the appeal.  Weston, 18 F.3d at 862.  The Court therefore concludes that Appellee's Motion to Dismiss should be granted and the Appeal should be dismissed.

IT IS THEREFORE ORDERED that the Chapter 7 Trustee, Yvette Gonzales' Motion To Dismiss Appeal Of Debtor Ralph Leo Brutsche And Request For Bankruptcy Court To Transmit Partial Record In Support Of Motion Pursuant To FRBP 8007(c) (Doc. 3) is GRANTED and Appellant Ralph Leo Brutsche's Appeal is DISMISSED.

UNITED STATES DISTRICT JUDGE